IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOROTHY DAVIS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 2881 |
| | ) | |
| WELLS FARGO BANK; PARAGON | ) | |
| FINANCIAL CORP.; and LITTON | ) | |
| LOAN SERVICING, | ) | |
|     Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE AFFIDAVITS
AND EXHIBITS IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendants, LITTON LOAN SERVICING, LP ("Litton") (incorrectly captioned as Litton Loan Servicing) and WELLS FARGO BANK, N.A., in its capacity as trustee ("Wells Fargo") (incorrectly sued as Wells Fargo Bank) (collectively referred to as "Defendants") by and through its counsel, and hereby moves the Court to Strike the Affidavits of Geoffrey Smith (Ex. N to Plaintiff's LR 56.1 Statement of Material Facts ("PSMF")); Nick Bianchi (Ex. Q to PSMF); Tony Paschal (Ex. R to PSMF); and Elizabeth M. Jacobson (Ex. S to PSMF), and in support thereof, states as follows:

The affidavits of Smith and Paschal should be stricken for failure to comply with 28 U.S.C. § 1746 and with Fed.R.Civ.P. 56. Affidavits executed within the United States must contain language in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)". 28 U.S.C. § 1746(1). The affidavits of Smith and Paschal do not substantially comply with the Code in that they only make passing reference to the fact

the affidavit is made under penalty of perjury under Section 1746, but do not state that the affidavit is true and correct; they do not state when they were executed and they are not signed, but rather purport to have an electronic filing signature.

The fact that the affidavits of Smith and Paschal are not signed by Smith and Paschal is essentially troubling. The electronic signature allowed for e-filers under Local Rule 5.2(a) is not applicable to the instant affidavits. This District's General Order 09-014, entitled General Order on Electronic Case Filing, specifically provides at VIII, Retention Requirements for Documents with Signature of Persons Other than E-Filers, that documents that are electronically filed and require original signatures, such as affidavits, must be maintained in paper form for a specified time and be made available to the court. E-Filing and the General Order do not permit affidavits of non-e-filers to be signed electronically and thus they must be executed by the affiant. Clearly that is not the case with regard to the affidavits of Smith and Paschal. These unsigned affidavits must be stricken and the documents referred to in them must be stricken or disregarded. See, *Howard-Ahmad v. Chicago School Reform Bd. of Trustees*, 161 F.Supp.2d 857, 861 (N.D.Ill. 2001) ("The affidavit … is unsigned and is not notarized. Thus, the affidavit is not admissible as evidence under Rule 56(e) and defendant's Motion to Strike the affidavit is granted.")

Additionally, the affidavits of all the affiants do not otherwise comply with Fed.R.Civ.P 56(e), which provides "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the

affidavit." Federal Rule of Evidence 602 provides, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."

"To support a claim that has been challenged on summary judgment, an affidavit may not be based upon "self-serving statements ... without factual support in the record." *Thanongsinh v. Board of Education,* 462 F.3d 762, 781 (7th Cir. 2006). "Under the law, personal knowledge may be inferred from the affidavit itself." *Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999, 1018 (9th Cir. 1990). There is nothing contained in the affidavits of Smith and Paschal from which the Court can make an inference these affiants possessed personal knowledge of the Davis loan or the loan's relation to those of the report. The best evidence of this would be a statement by Davis and Paschal in the affidavit that they reviewed and are familiar with the Davis loan and its terms, and that the loan is similar in terms, time, scope and geographic location to the loans which were the subject to the reports. The affidavits are silent on this as it is clear the affiants have no knowledge of Ms. Davis' loan.

The Affidavit of Smith refers to a report attached as Exhibit B. Clearly there are no exhibits attached to Smith's affidavit, however, Smith is presumably referring to the document attached as Ex. M to PSMF, a report entitled "Paying More for the American Dream: A Multi-State Analysis of Higher Cost Home Purchase Lending." The report is neither a sworn or certified copy. Moreover, the report is not relevant to the issues in the case at bar. The report purports to examine only loans which were "for a home purchase (rather than for refinancing an existing mortgage)". See Ex. M to PSMF, at Appendix

3

Part I: Notes on Data and Definitions. Ms. Davis' loan was a refinancing of an existing mortgage. See paragraph 19 of the Amended Complaint (the instant loan would payoff a prior mortgage with Long Beach). Thus, the report specifically excludes the type of loan which Ms. Davis currently has. The report also focuses on lending by entities other than the one who gave the loan to Ms. Davis, as it is clear that neither Defendant in the instant litigation gave Ms. Davis a loan and the entity who gave Ms. Davis the loan (Mortgage Express, Inc.) is not the subject of the report. Smith's affidavit does not state that he reviewed the Davis loan or loan file; it does not opine that the Davis loan is a predatory loan or a higher cost sub-prime loan; it fails to allege that either Defendant acted improperly with regard to the Davis loan or that either Defendant discriminated against Davis, finally he does not allege either Defendant engaged in the practices which are described in the report.. The report analyzed 2005 loans, whereas the Davis loan was originated in 1999.

Likewise the Affidavit of Bianchi refers to a report attached as Exhibit B. Again, there are no exhibits attached to Bianchi's affidavit. Presumably Bianchi is referring to the document attached as Ex. P to PSMF, a report entitled "The Truth About Wells Fargo: Irresponsible Lending and African Americans." Like the Smith report, the Bianchi report is not relative to the instant litigation. Neither Defendant made the loan to Ms. Davis, the time period studied is well after the time the Davis loan was entered into. Bianchi's affidavit does not state that he reviewed the Davis loan or loan file; he does not opine that the Davis loan is a predatory loan or a higher cost sub-prime loan; he does not allege facts that that either Defendant acted improperly with regard to the Davis loan or

4

that either Defendant discriminated against Davis; finally he does not allege either Defendant engaged in the practices which are described in the report.

The Affidavits of Tony Paschal and Elizabeth M. Jacobson were never disclosed to Defendants in discovery. Additionally, neither Tony Paschal or Elizabeth M. Jacobson were ever disclosed as witnesses or as persons having knowledge relative to the instant litigation. A copy of Davis' discovery responses is attached hereto as Exhibit A; the documents attached to the discovery responses are omitted as they are specifically enumerated in the discovery responses. For those reasons alone the affidavits should be stricken. Additionally, the affidavits were prepared in relation to other litigation and it is doubtful that Plaintiff has the original affidavits. Moreover, Wells Fargo Home Mortgage, the prior employer of both Paschal and Jacobson, is not a defendant in the instant litigation and did not originate Ms. Davis' loan. The relevant time period in the Paschal affidavit is 2005 and for the Jacobson affidavit the relevant time period is from 2003 to 2007, again not relevant to the case at bar. The geographic area in which the loans were originated in the Paschal and Jacobson affidavits is Northern Virginia and Maryland, not Kankakee County, Illinois. The affidavits are not properly authenticated and contain inadmissible hearsay testimony. The affiants clearly have no knowledge of the Davis loan or the circumstances surrounding the origination of the Davis loan. The affidavits have been incorporated into the Motion for Summary Judgment in an apparent attempt to portray the Defendants in a bad light and in an attempt to try to link the Davis loan with allegations raised in the affidavits.

**CONCLUSION**

For the reasons set forth above, Defendants, LITTON LOAN SERVICING, LP (incorrectly captioned as Litton Loan Servicing) ("Litton") and WELLS FARGO BANK, N.A., in its capacity as Trustee, under the Pooling and Servicing Agreement dated September 1, 1999, Home Equity Loan Asset Backed Certificates, Series 1999-3 (incorrectly sued as Wells Fargo Bank) ("Wells Fargo") (collectively referred to as "Defendants"), respectfully request this Court strike the affidavits of Geoffrey Smith (PSMF, Ex. N); Nick Bianchi (PSMF, Ex. Q); Tony Paschal (PSMF, Ex. R); and Elizabeth M. Jacobson (PSMF, Ex. S) as well as the reports referred to in the affidavits which are attached to PSMF as Exhibits M and P.

                              Respectfully submitted,

                              Litton Loan Servicing, LP and Wells Fargo Bank, N.A. in its Capacity as Trustee, under the Pooling and Servicing Agreement dated September 1, 1999, Home Equity Loan asset Backed Certificates, Series 1999-3

                              By/s/    Jonathan D. Nusgart              .
                                  Attorney for Defendants

Jonathan D. Nusgart
James V. Noonan
Kate Donat
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 3000
Chicago, Illinois 60603
312-431-1455

**CERTIFICATE OF SERVICE**

Pursuant to L.R. 5.9, the undersigned certifies that a true and correct copy of the foregoing MOTION TO STRIKE was electronically filed and served via the CM/ECF system on November 23, 2009, to the following counsel of record:

William F. Spielberger – bartleby.scrivener@sbcglobal.net

Terence E. Flynn – terence.flynn.esq@gmail.com

                                                /s/   Jonathan D. Nusgart         .