# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DOROTHY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 2881 |
| ) | |
| WELLS FARGO BANK, ) | |
| WELLS FARGO AND COMPANY, and ) | |
| LITTON LOAN SERVICING, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff's Rule 60(a) and 60(b)(1) motion, which asks that we correct our February 5, 2010 order ("the Order"). Specifically, Plaintiff asks that we reconsider our prior decision striking the declarations of Geoffrey Smith and Nick Bianchi. For the reasons set forth below, we deny the motion.

## STANDARD OF REVIEW

Pursuant to Rule 60(a), we may "correct a clerical mistake or a mistake arising from oversight or omission" included in a judgment. Fed. R. Civ. P. 60(a). Pursuant to Rule 60(b)(1), we may also alter a final judgment to correct and error due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Securatex, Ltd. v. Statewide Sec. Group*, No. 04 C 970, 2006 WL 120446, at *1 (N.D. Ill. Apr. 21, 2006); *see Eskridge v. Cook Cty.*, 577 F.3d 806, 809 (7th Cir. 2009).

**ANALYSIS**

Plaintiff's motion fails for several reasons. First and foremost, we made no clerical mistake and committed no oversight in striking the Smith and Bianchi declarations. As indicated in the Order, Plaintiff neglected to submit proper copies of those declarations on several occasions. *Davis v. Wells Fargo Bank*, No. 07 C 2881, 2010 WL 481303, at *2–3 (N.D. Ill. Feb. 5, 2010) [hereinafter *Davis I*]. Admissible copies were not filed with her motion for summary judgment. (Dkt. Nos. 100-15 & 100-18, filed 11/16/09.) Although Plaintiff represented that corrected versions were attached to her response to Defendants' motion to strike, they were not filed at that time. (Dkt. No. 112, filed 12/15/2009.) While Plaintiff's counsel later delivered courtesy copies of her response to Defendants' motion for summary judgment at our request, those materials did not include perfected Smith and Bianchi declarations. In sum, neither our files—nor the official court docket, more importantly—show that Plaintiff ever filed signed, perfected versions of the Smith and Bianchi declarations. Accordingly, relief under Rule 60(a) is not warranted.

Relief is similarly inappropriate under Rule 60(b)(1). Plaintiff has not argued that counsel made a mistake or explained why any such mistake was excusable neglect. Without an explanation for the apparent neglect, we can hardly evaluate whether it was excusable. *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) (identifying the factors considered when evaluating excusable neglect, including the reasons for the delay or omission); *see also Gabriel v. Hamlin*, No. 02 C 187, 2009 WL 537154, at *4–5 (S.D. Ill. Mar. 4, 2009).

Finally, as a practical matter, we need not grant Plaintiff's Rule 60 motion because, even assuming that counsel's neglect was excusable, our consideration of the declarations would not

change the outcome of her case. Based on our review of the Smith declaration attached to the motion, we conclude that it is still not compliant with 28 U.S.C. § 1746. Specifically, the undated Smith declaration does not state that the assertions contained therein are true and correct. The Bianchi declaration submitted with the Rule 60 motion, on the other hand, appears technically correct. Regardless, even if both were properly prepared and signed, they are irrelevant to this case.

At summary judgment, Plaintiff relied on the Smith and Bianchi declarations as a means of introducing two reports, which allegedly serve as evidence of discriminatory conduct on behalf of mortgage companies, including Defendant Wells Fargo. (*See* Pl.'s MSJ Facts, Exs. M, N, P & Q.) Those reports address Wells Fargo's conduct in originating subprime and questionable loans in minority communities. (*See, e.g.*, Pl.'s MSJ Facts, Ex. M, *Paying More for the American Dream*, at 2 ("This report's analysis focuses on conventional, first lien home purchase loans."), Ex. P, *The Truth About Wells Fargo*, at 1 ("This report examines the residential mortgage lending performance of Wells Fargo.").) Plaintiff's claims, however, do not concern Defendants' *lending* performance; as addressed in the Order, Defendants did not enter into any loan with Plaintiff. *Davis I*, 2010 WL 481303, at *4. Rather, Wells Fargo bought her mortgage from The Provident Bank, who had previously purchased the loan from the original lender. *Id.* at * 1. Plaintiff's allegations focus only on whether Defendants—who were not involved with the initiation of her loan—violated the Fair Housing Act by attempting to foreclose on her home and otherwise collect on the mortgage, even though the initial lender defrauded her. The Smith and Bianchi declarations and their exhibits, which evaluate only direct lending activity, thus do not raise any inference of discrimination with respect to Defendants'

alleged misconduct. They simply do not pertain to, let alone substantiate, Plaintiff's claims.

## CONCLUSION

For the above reasons, we deny Plaintiff's Rule 60 motion. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: March 26, 2010